Honorable Reubin O’D. Askew Governor of Florida The Capitol Tallahassee, Florida 32304
Dear Governor Askew:
We have the honor to acknowledge your communication of December 14, 1972 requesting our advice pursuant to Section 1(c), Article IV, Constitution of Florida, F.S.A., relating to certain executive powers and duties.
*129 Omitting the formal parts, your letter reads as follows:
“Pursuant to Section 1(c) of Article IV, Florida Constitution, 1968 Revision, and Rule 2.1.h., Florida Appellate Rules [32 F.S.A.], I have the honor to request your written opinion as to the interpretation of the Florida Constitution upon questions affecting my executive powers and duties.
“It is my constitutional duty to commission all officers of the state and counties and to transact all necessary business with the officers of government. Section 1(a), of Article IV of the Florida Constitution provides in part:
“ ‘ . . . He shall take care that the laws be faithfully executed, commission all officers of the state and counties, and transact all necessary business with officers of government.’ (Emphasis added.)
“Section 20(d)(2), of Article V (Revised), (effective January 1, 1973) of the Florida Constitution, provides in part as follows:
“ ‘(2) Judges of the following courts, if their terms do not expire in 1973 and if they are eligible under subsection (d) (8) hereof, shall become additional judges of the circuit court for each of the counties of their respective circuits, and shall serve as such circuit judges for the remainder of the terms to which they were elected and shall be eligible for election as circuit judges thereafter. These courts are: civil court of record of Dade county, all criminal courts of record, the felony courts of record of Alachua, Leon and Volusia Counties, the courts of record of Broward, Brevard, Escambia, Hills-borough, Lee, Manatee and Sarasota Counties, the civil and criminal court of record of Pinellas County, and county judge’s courts and separate juvenile courts in counties having a population in excess of 100,000 according to the 1970 federal census.’
“Section 20(d)(5), of Article V (Revised), (effective January 1, 1973) of the Florida Constitution further provides:
“ '(5) Judges, holding elective office in all other courts abolished .by this article, whose terms do not expire in 1973 including judges established pursuant to Article VIII, sections 9 and 11 of the Constitution of 1885 shall serve as judges of the county court for the remainder of the term to which they were elected. Unless created pursuant to section 9, of this Article V such judicial office shall not continue to exist thereafter.’
“In view of the foregoing provisions, it is apparent that there are numerous judicial officers (such as described in the provisions above) who will become additional members of the Circuit and County Courts, respectively, automatically upon implementation of revised Article V on January 1, 1973. Each such officer presently holds a valid commission which authorizes him to hold his office as presently designated by law. The legal designation of such offices will change by operation of law on January 1, 1973, pursuant to the provisions above.
“In view of the provisions of the Constitution and the facts which I have heretofore related, I am in doubt as to the continued validity of the commissions presently held by these judicial officers as to whether they will continue in full force and effect by operation of law when said judicial officers become members of the Circuit and County Courts on January 1, 1973. I, therefore, have the honor to request your written opinion on the following questions:
“1. What is the validity of commissions presently held by said judicial officers after they assume office on January 1, 1973, pursuant to revised Article V of the Florida Constitution ?
“2. Is it my duty as the Chief Executive Officer of the state to issue new commissions to said judicial officers reflecting their new office as designated by law on January 1, 1973?”
We find it proper under the limits of our constitutional authority to answer your in *130 quiry. For the reasons hereafter stated, it is our opinion and we advise you:
As a matter of law, the application of the Florida Constitution, Article V (revised) to the commissions now held by the judges whose terms do not expire in 1973 and who fall within the classification set out by Section 20(d)(2) of Article V (revised), (effective January 1, 1973) of the Florida Constitution who will become elevated to circuit judges for the remainder of the terms to which they were elected and who shall be eligible for election as circuit judges thereafter or who fall within the classification set out in Section 20(d)(5) of Article V (revised), (effective January 1, 1973) who will be elevated to the county court for the remainder of the term for which they were elected, vests the authority incident to such elevation to the appropriate status of either circuit judge or county judge in the aforesaid judges for the remainder of' their unexpired terms. The commissions presently held by said judicial officers will continue to be valid after they assume office on January 1, 1973, and by application of the Florida Constitution to said commissions, the presently held commissions will carry over to the appropriate status. It is not necessary that you, as Chief Executive Officer of the State, issue new commissions to said judicial officers reflecting their new office as designated by law on January 1, 1973.
However, in the interest of clarification of this matter, we advise you that it would be extremely helpful if you, in your discretion, would issue an official proclamation signed by you and attested to by the Secretary of State proclaiming each of the judicial officers described by Section 20(d)(2) of Article V (revised), and Section 20(d) (5) of Article V (revised), to have the status of either circuit judge or county judge, whichever classification is appropriate, for the unexpired term of his or her commission for the office which he or she now holds. This executive proclamation may be issued to each of those persons affected by Article V (revised), Florida Constitution, certifying that each has the authority of the new office to which he or she has been elevated.
Respectfully submitted,
B. K. ROBERTS Chief Justice
RICHARD W. ERVIN Justice
VASSAR B. CARLTON Justice
JAMES C. ADKINS, JR., Justice
JOSEPH A. BOYD, JR., Justice
DAVID L. McCAIN Justice
HAL P. DEKLE Justice